**SLEEPER FARMS, et al., Plaintiffs,**

v.

**AGWAY, INC., et al., Defendants.**

**No. 02–CV–35–B–S.**

United States District Court, D. Maine.

Nov. 1, 2006.

Daniel G. Lilley, Christian C. Foster, Daniel G. Lilley, Law Offices, P.A., Portland, ME, Mary Margaret Parker, Law Office of Mary, Margaret Parker, Island Falls, ME, for Plaintiffs.

Frederick J. Badger, Jr., Richardson, Whitman, Large & Badger, Bangor, ME, for Defendants.

## ORDER REGARDING ARBITRATION AWARD

SINGAL, District Judge.

Presently before the Court are Plaintiffs' Motion to Vacate the Arbitration Decision (Docket # 39) and Defendants' Motion to Confirm Arbitration Award (Docket # 56). Both of these motions seek review of the December 16, 2005 Decision of the American Arbitration Association (Ex. A to Docket # 39) (hereinafter, "Arbitration Award"). As explained below, the Court hereby DENIES Plaintiffs' Motion (Docket # 39) and GRANTS Defendants' Motion (Docket # 56).

## I. STANDARD OF REVIEW

■■ "Judicial review of arbitration awards is extremely narrow." *Cytyc Corp. v. DEKA Products Ltd. Partnership,* 439 F.3d 27, 29 (1st Cir.2006). Pursuant to federal statute, a court may only vacate an arbitration award on one of four specific bases (hereinafter, the "Section 10 bases"):

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition to these express statutory bases for vacating an arbitration award, the First Circuit has also held that an arbitration award may be vacated if it reflects "manifest disregard for the law." *E.g., McCarthy v. Citigroup Global Markets Inc.,* 463 F.3d 87, 91 (1st Cir.2006). In order to succeed, a challenge based on manifest disregard for the law must show that the arbitration award is "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." *Id.* at 91 (citations omitted). In other words, the arbitration record must reflect that the arbitrator knew the law but "willfully" or

"expressly disregarded" that applicable law. *Id.* at 92 (citations omitted).

Unless the Court concludes that an arbitration award reflects a manifest disregard for the law or falls within one of the Section 10 bases, the award will generally be confirmed. *See* 9 U.S.C. § 9. With this standard in mind, the Court proceeds to its review of the arbitration award in this case.

## II. BACKGROUND

The Court directs readers interested in a detailed account of the underlying facts to the Court's earlier order in this matter. *See Sleeper Farms v. Agway, Inc.*, 211 F.Supp.2d 197, 198–200 (D.Me.2002). Via this July 1, 2002 Order, the Court found that the parties had entered into an agreement that included a valid arbitration provision. Thus, the Court referred the parties' dispute to arbitration specifically requesting that the arbitrator determine: "(1) what issues contained in Plaintiffs' Complaint, or raised by Plaintiffs as defenses to the purchase orders, are covered by the arbitration clause; (2) what issues, if any, are not covered by the clause and should remain for the Court to decide; and (3) the merits of the issues that are covered by the clause." *Id.* at 203.

Subsequent to this ruling but prior to any arbitration occurring, Defendant Agway filed a Notice of Bankruptcy (Docket # 33). Plaintiffs Sleeper Farms, Vaughn Sleeper and Mary Sleeper (together, "Sleepers") then filed a proof of claim in the Agway Chapter 11 case, which was before the Bankruptcy Court in the Northern District of New York. *(See* Ex. 1 to Docket # 42.) On October 21, 2004, the Bankruptcy Court entered a consent order allowing the automatic stay to be lifted with respect to Sleepers for the limited purpose of allowing the arbitration that had been ordered by this Court on July 1,

2002. *(See* Consent Order (Ex. 2 to Docket # 42).) Following this ruling, in May 2005, the parties entered into a stipulation whereby they agreed that "all issues of liability and damages contained within the Sleeper Farm's [sic] Complaint filed in United States District Court for the . . . District of Maine, Docket No. CV–02–35–B–S shall be determined through arbitration in this forum." (Stipulation (Ex. 3 to Docket # 42).)

The arbitration took place in Syracuse, New York on August 23–25, 2006. On December 16, 2005, the arbitrator entered his decision awarding Sleepers $82,459.19 in damages and $20,040.51 in administrative fees. (Arbitration Award at 17.) At the outset, the arbitrator acknowledged that this Court's July 1, 2002 Order requested that the arbitrator resolve which issues were in fact subject to arbitration. (Arbitration Award at 2.) However, because the parties had subsequently stipulated to arbitrate all issues, the Award ultimately addressed all claims and issues.

Following the filing of the Arbitration Award, the parties returned to the Bankruptcy Court. The Trustee moved for approval of the Award. Sleepers, on the other hand, sought leave to challenge the Arbitration Award before this Court. Ultimately, the Bankruptcy Court determined that "the Maine District Court is the appropriate court to review the Arbitration Decision because it retained jurisdiction over the proceedings before it . . . [and] should review the arbitration proceedings to determine whether the arbitrator complied with its Order." (May 12, 2006 Order (Docket # 52) at 10.) The Bankruptcy Court also noted that "the Maine District Court . . . should determine the effect of the Stipulation and whether the arbitrator ignored the court's [earlier] findings of fact." (*Id.* at 11.) In order to allow this review, the Bankruptcy Court

granted Sleepers "nunc pro tunc relief from the injunction imposed upon confirmation of the Debtors' confirmed plan, to the extent they seek to proceed with their motion to vacate the Arbitration Decision" and also denied without prejudice the Trustee's motion seeking approval of the award. (*Id.* at 11–12.) This ruling brought the parties back before this Court.

## III. DISCUSSION

■ Plaintiffs present three separate challenges to the arbitration award. First, Plaintiffs claim to have uncovered new evidence in the form of a March 2000 letter that was produced for the first time in connection with the testimony of Todd Bradley at the arbitration hearing. Plaintiffs claim that the withholding of this document amounted to fraud on the arbitrator. On the record presented, the Court does not believe that the March 2000 letter and the circumstances surrounding its production provide any basis for vacating the arbitration award. Despite their argument, Plaintiffs are unable to establish fraud by clear and convincing evidence. *See, e.g., Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir.1988). Moreover, even if a lower burden were imposed, there is no evidence suggesting that the allegedly belated and fraudulent production was "not discoverable upon the exercise of due diligence ... during the arbitration." *Id.* Plaintiffs concede, as they must, that they did in fact receive and review this document *during* the arbitration, not *after* the arbitration. Plaintiffs' failure to recognize the now-argued significance of the document until after the arbitration does not meet the standard for finding that the Arbitration Award was procured by fraud.

Next, Plaintiffs argue that the arbitrator exhibited manifest disregard for the law by failing to follow all of the factual findings contained in this Court's July 1, 2002 Order. This argument is without merit.

First, the Court believes that the arbitrator's factual findings are consistent with this Court's earlier findings. Second, to the extent there are any differences in the factual findings, the Court finds no basis for concluding that those differences amount to a manifest disregard for the law. *See, e.g., Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 219 (2nd Cir.2002) (finding that failure to follow and apply the discretionary doctrine of law of the case does not amount to manifest disregard of the law).

■ Third, Plaintiffs argue that the arbitrator's decision with respect to the Maine Potato Licensing Act ("MPLA"), 7 M.R.S.A. § 1011 et *seq.*, reflects a manifest disregard for the law. Plaintiffs' challenge focuses on the following passage from the Arbitration Award:

> With the exception of the so-called "holdback" $51,039 which is dealt with under the MPLA section of this Award, the Sleepers claims for this season are disallowed for failure of proof. The so-called seed orders were nothing more than guidelines and were not bindings until the purchase orders were executed in the spring. Even if the seed order were found to be contracts they would not be enforceable because of the Statute of Frauds, UCC § 2–201, 11 M.R.S.A. § 2–201. The Sleepers have not shown that Agway did not purchase everything it committed to purchase. There was a market for the Sleepers' seed potatoes as the Sleepers themselves demonstrated by selling to others than Agway. Thus, UCC § 2–201(3), 11 M.R.S.A. § 2–201(3) is inapplicable.

(Arbitration Award at 10–11.) Notably, this passage is found in the section of the Award that addresses Sleepers' breach of contract claims. Nonetheless, Sleepers apparently fail to recognize this context for the passage and argues that this pas-

sage actually reflects the arbitrator's decision to disregard the MPLA. In fact, the arbitrator clearly recognized and applied the MPLA in an earlier section of the Award expressly devoted to Sleeper's MPLA claims. *(See* Arbitration Award at 5–6.) The arbitrator's MPLA analysis resulted in an award of $51,038.62, plus prejudgment interest, in favor of Sleepers. Having reviewed the entirety of the Arbitration Award, there is no basis for concluding that the award reflects a manifest disregard for the MPLA or that the arbitrator's application of the MPLA somehow violated public policy. Under the Court's reading of the Arbitration Award, the decision not to award Sleepers additional damages under either the MPLA claims or their breach of contract claims rested on Sleepers' failure to meet their burden of proof. This conclusion does not appear to be palpably faulty or otherwise unfounded on the record presented.

In short, the Court has considered all of Plaintiffs' objections in the context of the entire record. In the Court's assessment, none of Plaintiffs' allegations rise to the level of manifest disregard for the law or otherwise meet any of the Section 10 bases for vacating an arbitration award. Likewise, the Court believes that the Arbitration Award complied with the Court's July 1, 2002 Order and the later stipulation entered into by the parties. Therefore, the Court DENIES Plaintiffs' Motion to Vacate (Docket # 39).

■ Defendants have specifically moved to have the arbitration award confirmed and asked this Court to enter judgment consistent with the Arbitration Award. In response, Plaintiffs argue that the Bankruptcy Court retains jurisdiction over any decision to confirm or approve the arbitration award. Undoubtedly, the Arbitration Award will require action by the Bankruptcy Court in order to be enforced. However, in light of the Bankruptcy Court's previous rulings regarding this Court's continuing jurisdiction, the Court believes it is appropriate for it to rule upon Defendants' Motion to Confirm Arbitration Award (Docket # 56). Therefore, upon finding that Defendants have met all of the requirements for confirmation laid out in 9 U.S.C. § 9, the Court hereby GRANTS Defendants' Motion to Confirm Arbitration Award (Docket # 56) and CONFIRMS the Award.

## IV.  CONCLUSION

For the reasons stated herein, the Court hereby DENIES Plaintiffs' Motion (Docket # 39) and GRANTS Defendants' Motion (Docket # 56). As a result of these rulings, the Clerk is hereby directed to enter judgment in this matter in accordance with the December 16, 2005 Decision of the American Arbitration Association (Ex. A to Docket # 39). The effect of this judgment shall ultimately be determined by the Bankruptcy Court.

SO ORDERED.